IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:15-CR-00018-F-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| RONALD LESLIE PIERCE, JR., | ) | |
| Defendant. | ) | |

This matter is before the court on Ronald Leslie Pierce, Jr.'s Notice of Appeal of Detention Decision by Magistrate Judge [DE-17]. In his Appeal, Pierce requests review of the detention order [DE-16] entered by United States Magistrate Judge Kimberly A. Swank on April 20, 2015. The court heard testimony and argument from Pierce and the Government at a hearing held on May 8, 2015. For the reasons set forth below, Pierce's Notice of Appeal of Detention Decision by Magistrate Judge is DENIED.

**I. Factual and Procedural Background**

On March 3, 2015, the grand jury indicted Pierce in an eleven-count indictment. *See* Indictment [DE-1]. In Counts One through Ten, Pierce is charged with receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2). Count Eleven charges Pierce with possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).

Pierce's initial appearance was held on March 31, 2015, before United States Magistrate Robert B. Jones, Jr. At that time, the Government moved for pretrial detention. Pierce was temporarily remanded to the custody of the United States Marshal, and a detention hearing was scheduled for April 6, 2015.

On April 6, 2015, a detention hearing was held by Magistrate Judge Swank. Pierce was

present and represented by retained counsel Walter Hoytt Paramore, III. The Government was represented by Assistant United States Attorney Carrie D. Randa. At the hearing, Pierce presented Dolly B. Pierce, his wife, and Duval Palmer, his son-in-law, as third-party custodians. The Government presented the testimony of SBI Agent Chris Stark.

In an order [DE-13] entered on April 7, 2015, Judge Swank noted that because there was probable cause to believe that Pierce committed an offense involving a minor victim under 18 U.S.C. § 2252(a)(2), there was a rebuttable presumption that no condition or combination of conditions would reasonably assure Pierce's appearance and the safety of the community. *See* 18 U.S.C. § 3142(e)(3)(E). Judge Swank found that Pierce failed to rebut the presumption of danger and ordered the matter set for a bond review hearing on April 16, 2015. Judge Swank ordered that Pierce be detained by the United States Marshal pending the bond review hearing.

On April 16, 2015, Judge Swank held a bond review hearing. The Government presented additional testimony from SBI Agent Chris Stark, who testified about the results of a forensic preview of two computers in Pierce's possession that was conducted following the April 6, 2015 detention hearing. The court found that Pierce failed to rebut the presumption of danger and ordered that he be detained by the United States Marshal pending trial or further proceedings.

Pierce filed the instant Notice of Appeal of Detention Decision by Magistrate Judge [DE-17] on April 28, 2015. In his Appeal, Pierce requests the following: (1) this court conduct a plenary hearing of the appeal of Judge Swank's decision on detention; (2) this court weigh the evidence and find that conditions of release do exist which will resolve all issues about court appearance of Pierce and any risk of harm that he might pose to the public; and (3) Pierce be released on conditions of release.

## II. Discussion

Under the Bail Reform Act, a court should release a defendant on a personal recognizance, unsecured bond, or specified condition or combination of conditions, whichever is the least restrictive necessary, to assure the defendant's appearance and the safety of others and the community. 18 U.S.C. § 3142(a)(1-2), (b) and (c). However, a defendant must be detained pending trial if, after a hearing, the court finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. *Id.* § 3142(e). It shall be presumed that no condition or combination of conditions exists to reasonably assure the appearance of the defendant or the safety of the community if there is probable cause to believe the defendant committed an offense involving a minor victim under 18 U.S.C. § 2252(a)(2). *Id.* § 3142(e)(3)(E). Thus, in this case, a rebuttable presumption of pretrial detention applies to Pierce.

At the May 8, 2015 hearing before this court, Pierce was present and represented by his retained counsel Walter Hoytt Paramore, III. The Government was represented by Assistant United States Attorney Carrie D. Randa. Pierce presented his wife, Dolly B. Pierce, as a third-party custodian. The Government presented testimony from retired SBI Agent Chip Coble and SBI Agent Chris Stark.

Dolly testified that Pierce is her husband and that they will have been married for thirty-three years in July. Dolly testified that she and Pierce have two daughters. Dolly stated that Pierce served in the Air Force and the Marine Corps and was honorably discharged from both.

Dolly testified that she has suffered with a lot of medical issues, including cancer. Dolly

3

stated that Pierce assists her with day-to-day care and helps her get to and from her doctors' offices because many of her doctors are in Chapel Hill. According to Dolly, Pierce is her primary caregiver.

Dolly testified that she works part-time at a preschool and Pierce is a self-employed contractor. Dolly explained that Pierce is the primary breadwinner in the family.

Dolly testified that Duval Palmer, her son-in-law, also lives in the residence she shares with Pierce. Dolly acknowledged that during the original detention hearing before Judge Swank, Palmer was also offered as a third-party custodian.

Dolly admitted that she was present when the SBI conducted a search at their residence. Dolly acknowledged that SBI agents found firearms in their home, but she explained that the firearms are no longer in the home. Dolly testified that a lot of the guns have been sold and some of the guns are being held at a friend's house.

Dolly testified that she and Pierce have an eleven-year-old granddaughter that lives in North Carolina. Dolly stated that she has no concerns about Pierce being around this granddaughter. Dolly explained that if Pierce were released, they could make sure that the granddaughter was not left alone with Pierce.

Dolly acknowledged that when she was interviewed by a probation officer prior to Pierce's first detention hearing she was asked if there were any computers in the home. Dolly admitted that she informed the probation officer there were no computers, but there were in fact two computers: one in the home and one in Pierce's adjacent business. When Dolly was asked why she was not truthful to probation about the presence of the computers, she stated that she was not thinking clearly.

4

Dolly acknowledged that she consented to SBI agents searching the two computers following the first detention hearing. Dolly stated that she is aware that the SBI agents found two videos showing illicit sexual activity between adult males and what could possibly be children. Dolly acknowledged that child pornography was located on almost all of the computers found in the home and Pierce's business. Dolly admitted that the computers where child pornography were located were owned by Pierce. Dolly stated she is aware that a large number of images and videos were located on the computers taken from their home and Pierce's business. Dolly testified that she knows that all of this is not Pierce and that he did not do any of this.

Dolly stated that she understands the responsibilities of being a third-party custodian and would have no hesitation in serving as a third-party custodian. Dolly stated that she would be willing to forego the rest of the year at her job as a teaching assistant to serve as a full-time third-party custodian for Pierce. Dolly stated that she knows Pierce to be a law-abiding citizen and has no concerns about him not appearing in court.

Agent Coble testified that he is retired from SBI, where he was assigned to the computer crimes unit. Agent Coble explained that he became aware of Pierce back in about November of 2013 when he was in contact with Brian Schmidt, a detective with the Cabarrus County Sheriff's Office. Detective Schmidt contacted Agent Coble as part of an investigation where he located an IP address that was sharing child pornography on a network.[1] Detective Schmidt connected to the computer and downloaded some files of child pornography. Agent Coble explained that the IP address of the suspect computer was issued by Century Link to a residence at 4609 Gum Branch Road in Jacksonville, North Carolina, in the name of "Ron" or "Ronald" Pierce.

---

[1] Coble explained that an IP address is a unique identifier.

Agent Coble testified that he applied for a search warrant and that he and two other agents executed a search warrant at 4609 Gum Branch Road, the residence of Ronald Pierce. Agent Coble testified that they knocked on the door and identified themselves and explained to Pierce that they were investigating file-sharing software involving children engaged in sexual activity associated with his IP address.

Pierce indicated he owned a commercial building immediately adjacent to the residence and admitted there was at least one computer there. Pierce also informed the agents that he had run a cable from the home to the business by an ethernet cable. Agent Coble stated that he asked Pierce if he would consent to the agents searching the business computer. Agent Coble stated that he never got clear consent, so he left the residence to apply for an additional search warrant to search the business computer.

Agent Coble testified that when he returned to the residence with the additional search warrant, they went to the commercial building to search. Pierce went with the three agents over to search the business. Agent Coble stated that he told Pierce not to touch anything when they went to the business, but Pierce unplugged a cable from a desktop computer.

Agent Coble testified that a number of child pornography images and videos were found on the computer located at Pierce's business. Agent Coble testified that six images found on the computer located at Pierce's business matched identically the files downloaded by Detective Schmidt. Agent Coble stated that they conducted a forensic evaluation on all the computers taken during the search of Pierce's residence and business and discovered a total of 3,922 child pornography images and 1,193 child pornography videos. Agent Coble stated that some of the

images they found contained violent content and some contained pre-pubescent females.[2]

According to Agent Coble, Pierce initially denied any involvement, but later Pierce stated that he would like to speak to Agent Coble. Pierce indicated to Agent Coble that they would find Aries software on his computer. Agent Coble knew at that time that the file-sharing software that the suspect computer was using was a peer-to-peer software known as Aries. Pierce also indicated to Agent Coble that they would find "a lot" of pictures of children in sexual poses on his computer. Pierce mentioned that his wife had serious health issues, including cancer, and he indicated his sex life with his wife was impacted by his wife's health.

Agent Coble stated that during the course of his investigation he did a search of Pierce's criminal history. Agent Coble testified that he found that Pierce had no convictions or arrests other than minor traffic violations.

Agent Stark testified that he is an SBI agent who works in the computer crimes unit. Agent Stark explained that he was present on January 23, 2014, at Pierce's home to execute a search warrant. Agent Stark stated that during the execution of the search warrant at Pierce's home and business he saw Pierce unplug a computer at the business.

Agent Stark stated that during the time when the three agents were in the business, he asked Pierce if they were going to find anything. Pierce initially denied that any child pornography would be found.

Agent Stark testified that firearms were located during the original execution of the search warrant at Pierce's home. Pierce had a gun safe with guns.

---

[2]Agent Coble explained that "pre-pubescent" refers to a child under the age of twelve years old.

7

Agent Stark testified that he was asked to preview two computers found in Pierce's home following the first detention hearing before Judge Swank. Agent Stark explained that he found adult pornography on the computer and also found two files that clearly showed an adult male who was engaged in sexual activity with a female who was "age difficult." Agent Stark explained that the images were age difficult because he was unable to make a judgment as to whether or not the female was a minor.

Having considered all the evidence before Magistrate Judge Swank and having considered the thoughtful arguments of counsel made at the May 8, 2015 hearing, the court finds the decision of the Magistrate Judge to be correct. The court recognizes that Pierce has a limited criminal history, but this is outweighed by the other evidence before the court. The court notes that the evidence reveals that following the execution of the search warrant at Pierce's residence and adjacent business, two additional computers were in his possession. The search of these two computers revealed the presence of images of adult males engaged in sexual activity with "age difficult" females.

The court also concludes that Dolly, the third-party custodian proposed by Pierce, is not credible. As noted above, when Dolly was questioned by the probation officer, she denied the presence of computers at their residence. It was later discovered that there was a computer located both at the residence and the adjacent business.

In conclusion, considering all the circumstances of this case, the court finds that Pierce has not shown sufficient evidence to rebut the presumption for detention. Therefore, the decision of the Magistrate Judge is correct, and detention prior to trial is necessary.

### III. Conclusion

Based on the foregoing, Pierce's Notice of Appeal of Detention Decision by Magistrate Judge [DE-17] is DENIED.

SO ORDERED.

This, the 12'ʳ day of May, 2015.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge